UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

In re:

MARIQUE SHARP,  Case No. 17-12829

    Debtor  Honorable Victoria A. Roberts

_____/

# ORDER DENYING APPELLANT'S BRIEF ON APPEAL [Doc. 5]

Appellant-Debtor Marique Sharp ("Sharp") appeals a ruling from the Bankruptcy Court, denying her Motion for Reconsideration. After filing for bankruptcy, Sharp filed an amendment to her schedules, claiming a homestead exemption. Trustee Stuart A. Gold ("Gold") objected to this amendment, since Sharp transferred the house she sought to exempt to her mother via a quit claim deed before filing for bankruptcy. The Bankruptcy Court sustained the objection and disallowed the amendment. Sharp filed a motion for reconsideration, which the Bankruptcy Court denied. She appeals that decision to this Court.

Because Sharp voluntarily transferred her interest in her home before she filed for bankruptcy, she cannot claim a homestead exemption, and the Bankruptcy Court ruling is AFFIRMED.

**I.    Background**

Sharp and her mother, Yvette Saltmarshall ("Saltmarshall") reside together at 4574 6th Street, Ecorse, Michigan ("the property"). Sharp was the sole owner of the property, but due to her poor credit and lack of funds, she was unable to acquire

1

homeowners insurance for the property. By quit claim deed recorded on July 24, 2015, Sharp conveyed her interest in the property to Saltmarshall for $1.00. Sharp claims that the transfer was made in order to get homeowners insurance, which was obtained shortly after the transfer. Sharp maintains that she still has an interest in the property, which is not contested by Saltmarshall. According to Sharp, Saltmarshall is also willing transfer the property back to Sharp via quit claim deed, if required or allowed under the law.

On November 1, 2016, nearly sixteen months after transferring the property to her mother, Sharp petitioned for Chapter 7 bankruptcy. She indicated on her Schedule A/B form that she did not own or have any interest in any property. Sharp also did not claim an exemption in the Ecorse property on her Schedule C form. She disclosed that she lived at the property, but that she transferred the property to Saltmarshall in July 2015.

On March 14, 2017, Gold filed an adversary proceeding to avoid the transfer of the property to Saltmarshall as a fraudulent transfer under 11 U.S.C. §§ 544(b), 548, 550(a), and the Michigan Uniform Fraudulent Transfer Act. Gold argued that the transfer was fraudulent because: 1) Sharp made the transfer within two years (in accordance with 11 U.S.C. § 548(a)(1)) and six years (in accordance with 11 U.S.C. § 544) of filing her bankruptcy petition; 2) she did not receive reasonably equivalent value of the property in exchange for the transfer, as she only received $1.00; and 3) she was insolvent at the time of the transfer, and reasonably should have believed she would incur debts beyond her ability to pay when due.

2

Sharp then filed amendments to the schedules, seeking to claim an interest in the property of $18,000, and an exemption of $18,000 in the property pursuant to 11 U.S.C. § 522(d)(1), on April 12, 2017. Gold filed objections to Sharp's claimed exemptions pursuant to § 522(g). His objection was based on Sharp's voluntary transfer of the property to Saltmarshall before filing for bankruptcy. After a hearing, on June 2, 2017, the Bankruptcy Court sustained Gold's objections and denied Sharp's amendments. Sharp filed a motion for reconsideration; Gold objected to it.

On July 18, 2017, the Bankruptcy Court granted Gold's motion for summary judgment in the adversary case, ordering that the bankruptcy estate had 100% interest in the property, and that it could be liquidated for the benefit of the estate.

The Bankruptcy Court denied Sharp's motion for reconsideration on August 15, 2017. The Bankruptcy Court found that Sharp failed to establish that a palpable defect occurred, and, *inter alia*, that Sharp did not own any interest in the property at the time she filed her bankruptcy petition, and thus could not exempt it on her schedules.

On appeal, Sharp argues that the Bankruptcy Court: 1) erred in not allowing her to claim an exemption based on her fraudulent concealment of the property; and 2) created an appearance of judicial bias by allowing Gold to file a late response to her motion for reconsideration (43 days after she filed the motion), and by denying her motion to strike Gold's response.

Gold argues that the Bankruptcy Court: 1) did not rely on equitable considerations, but on the language of § 522(g), in disallowing Sharp to claim an

exemption; and 2) did not err in denying Sharp's motion to strike Gold's response to her motion for reconsideration.

## II. Legal Standard

### A. District Court's Appellate Jurisdiction over Bankruptcy Matters

The Court has appellate jurisdiction over this matter. 28. U.S.C. § 158. The standard of review on appeal is determined by the nature of the action taken below by the Bankruptcy Court. *In re Terex Corp.*, 984 F.2d 170, 172 (6th Cir. 1993). "[T]he Court applies the clearly erroneous standard of review to the bankruptcy court's factual findings and reviews *de novo* the bankruptcy court's legal conclusions." *Five Star Laser, Inc. v. Height (In re Height)*, 2011 U.S. Dist. LEXIS 42237, *6 (E.D. Mich. Apr. 19, 2011) (citing *Stamper v. United States (In re Gardner)*, 360 F.3d 551, 557 (6th Cir. 2004)). A bankruptcy court's determinations which involve an application of the Bankruptcy Code are also subject to *de novo* review. *CAMOFI Master LDC v. Spradlin*, 2017 U.S. Dist. LEXIS 165815 (E.D. Ky. Oct. 6, 2017).

### B. Applicable Bankruptcy Law

Chapter 7 of the Bankruptcy Code allows an insolvent debtor to discharge her debts by liquidating certain assets to pay creditors. 11 U. S. C. §§ 704(a)(1), 726, 727. Filing a bankruptcy petition creates an estate, generally comprising all the debtor's property. § 541(a)(1). The estate is placed under a trustee's control, who is responsible for managing the liquidation of the estate's assets and distribution of the proceeds. § 704(a)(1).

The Bankruptcy Code also allows a debtor to "exempt" certain kinds of property from the estate, enabling her to retain those assets after liquidation, unless specifically prohibited by state law. 11 U.S.C. § 522(b), (d). One of these exemptions, the "homestead" exemption, protects up to $23,675 in equity of the debtor's residence. § 522(d)(1). To claim an exemption, the debtor lists it on Schedule C of the Official Bankruptcy Forms. A schedule can be amended at any time before the bankruptcy case closes. Fed. R. Bankr. P. 1009(a). The party objecting to an exemption has the burden to prove that the property claimed by the debtor should not be exempted. Fed. R. Bankr. P. 4003(c).

"Exemptions are determined on the bankruptcy filing date." *In re Pellegrini*, 467 B.R. 117, 121, (Bankr. W.D. Mich. 2012). A debtor can exempt property only if the debtor's transfer of the property was involuntary, or if the debtor did not conceal the property from the estate. § 522(g)(1)(A),(B). *See also In re Young*, 238 B.R. 112, 115 (B.A.P. 6th Cir. 1999). "If at any point in time prior to filing, the potentially exempt property is *voluntarily* transferred to a third party, all interests of the debtor in that property terminate. The property cannot subsequently be claimed as exempt under the Bankruptcy Code based upon some *former* interest held by the debtor." *In re Wickstrom*, 113 B.R. 339, 345-346, (Bankr. W.D. Mich. 1990) (emphasis in original). Under Michigan law, a quit claim deed transfers any interest the grantor has in the property. *See Eastbrook Homes, Inc. v. Dep't of Treasury*, 296 Mich. App. 336, 349 (2012).

**III.     Analysis**

## A. The Bankruptcy Court Did Not Err in Denying Sharp's Motion For Reconsideration

Sharp claims on appeal that the Bankruptcy Court applied *Law v. Siegel*, 134 S. Ct. 1188 (2014), in error in denying her motion for reconsideration, and her attempt to exempt the property. In making this argument, Sharp begins with the erroneous premise that the Bankruptcy Court disallowed her request to amend relying on equitable powers.

To the contrary, the Bankruptcy Court correctly observed that the current state of Sixth Circuit law provides that "under *Siegel*, bankruptcy courts do not have authority to use their equitable powers to disallow exemptions or amendments to exemptions due to bad faith or misconduct." *In re Baker*, 791 F.3d 677, 683 (6th Cir. 2015). However, the Bankruptcy Court did not rely on equitable powers when it disallowed Sharp to amend her schedules and claim the homestead exemption.

Instead, the Bankruptcy Court relied on an exception to exemptions enumerated in § 522(g), which was the basis of Gold's objection. As the Bankruptcy Court observed in its order denying Sharp's motion for reconsideration, it is undisputed that Sharp voluntarily transferred the property to her mother, before filing her bankruptcy petition, which meant she could not claim the property as exempt on her schedules.

It does not matter that the purpose of the transfer was to obtain homeowners insurance, or that Saltmarshall does not contest Sharp's purported interest in the property – arguments advanced by Sharp. By executing the quit claim deed, Sharp voluntarily transferred her interest in the property to her mother. Because this transfer took place before she filed her petition, the property cannot be claimed as exempt. *In re*

*Wickstrom*, 113 B.R. at 346. The Bankruptcy Court correctly applied the law in denying Sharp's motion for reconsideration.

### B. There Is No Evidence That The Bankruptcy Court Judge Acted With Bias

Sharp says that after she filed her motion for reconsideration on June 12, 2017, Gold filed a response 43 days later on July 25, 2017. She claims that this timing violates federal bankruptcy court rule. She also says that on July 27, 2017, she filed her motion to strike Gold's response, which the Bankruptcy Court denied the next day on July 28, 2017. Aside from citing to the local rules, Sharp does not develop her argument.

Gold argues that a court has discretion to govern motion practice, and barring extreme circumstances, to allow submissions that are not in compliance with local rules. Sharp does not point to any extreme circumstances.

An appellate court reviews the grant of a motion to strike for abuse of discretion. *Hatchett v. United States*, 330 F.3d 875, 887 (6th Cir. 2003). An abuse of discretion is a definite and firm conviction that the lower court committed a clear error of judgment. *Bowling v. Pfizer, Inc.*, 102 F.3d 777, 780 (6th Cir. 1996).

Sharp does not allege any facts that would lead the Court to conclude that the Bankruptcy Court abused its discretion, or acted with personal bias. She cannot establish bias simply because she is unhappy with the bankruptcy judge's rulings. *See Taylor Acquisitions, L.L.C. v. City of Taylor*, 313 F. App'x 826, 838 (6th Cir. 2009). Sharp's claim fails.

### IV.     Conclusion

The Bankruptcy Court did not err in denying Sharp's motion for reconsideration, and its order is AFFIRMED.

**IT IS ORDERED**.

S/Victoria A. Roberts
Victoria A. Roberts
United States District Judge

Dated: February 28, 2018