UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

In re:

MARIQUE SHARP,                          Case No. 17-12829

    Debtor                              Honorable Victoria A. Roberts

_____/

MARIQUE SHARP,

    Appellant,

v.

STUART A. GOLD, CHAPTER 7 TRUSTEE,

    Appellee.
_____/

**<u>ORDER DENYING APPELLANT'S MOTION FOR RECONSIDERATION [Doc. 8]</u>**

Appellant-Debtor Marique Sharp ("Sharp") files a Motion for Reconsideration of the Court's ruling that upheld the Bankruptcy Court's denial of her previous motion for reconsideration.

Because Sharp fails to show a palpable defect by which the Court has been misled, her motion is **DENIED**.

**I.     Background**

Sharp and her mother, Yvette Saltmarshall ("Saltmarshall") reside together at 4574 6th Street, Ecorse, Michigan ("the property"). By quit claim deed recorded on July 24, 2015, Sharp conveyed her interest in the property to Saltmarshall for $1.00.

1

On November 1, 2016, Sharp petitioned for Chapter 7 bankruptcy. She indicated on her Schedule A/B form that she did not own or have any interest in any property. Sharp also did not claim an exemption in the Ecorse property on her Schedule C form. She disclosed that she lived at the property, but that she transferred the property to Saltmarshall in July 2015.

On March 14, 2017, Trustee Stuart A. Gold ("Gold") filed an adversary proceeding to avoid the transfer of the property to Saltmarshall as a fraudulent transfer under 11 U.S.C. §§ 544(b), 548, 550(a), and the Michigan Uniform Fraudulent Transfer Act.

Sharp then filed amendments to the schedules, seeking to claim an exemption in the property pursuant to 11 U.S.C. § 522(d)(1). Gold objected to Sharp's claimed exemptions; he contended that Sharp's voluntary transfer of the property to Saltmarshall before filing for bankruptcy prevented her from claiming the exemption. The Bankruptcy Court sustained Gold's objections and denied Sharp's amendments. Sharp filed a motion for reconsideration, which the Bankruptcy Court denied.

The Bankruptcy Court granted Gold's motion for summary judgment in the adversary case, concluding that the bankruptcy estate had 100% interest in the property, and that it could be liquidated for the benefit of the estate.

Sharp appealed the Bankruptcy Court's ruling, arguing, *inter alia*, that the Bankruptcy Court erred in finding that she fraudulently concealed the Ecorse property and that she could not claim an exemption as a result. This Court affirmed the Bankruptcy Court, holding that the Bankruptcy Court did not err in disallowing Sharp

from claiming the homestead exemption because Sharp voluntarily transferred the Ecorse property to her mother.

This motion for reconsideration followed. Sharp argues that: 1) the Court was required to find both a voluntary transfer and a concealment in order to apply the § 522(g) exception to exemptions, which it did not do; 2) the property was not concealed because Sharp listed it on her schedules; and 3) Trustee Gold did not "recover" the property in a manner that triggered the application of the § 522(g) exception.

**II.     Legal Standard**

Local Rule 7.1(h)(3) provides the Court's standard of review on a motion for reconsideration:

> "Generally, and without restricting the court's discretion, the court will not grant motions for ... reconsideration that merely present the same issues ruled upon by the court, either expressly or by reasonable implication. The movant must not only demonstrate a palpable defect by which the court and the parties and other persons entitled to be heard on the motion have been misled but also show that correcting the defect will result in a different disposition of the case."

E.D. Mich. LR 7.1(h)(3). Palpable defects are those which are "obvious, clear, unmistakable, manifest or plain." *Mich. Dep't of Treasury v. Michalec*, 181 F. Supp. 2d 731, 734 (E.D. Mich. 2002). "It is an exception to the norm for the Court to grant a motion for reconsideration." *Maiberger v. City of Livonia*, 724 F. Supp. 2d 759, 780 (E.D. Mich. 2010). "[A]bsent a significant error that changes the outcome of a ruling on a motion, the Court will not provide a party with an opportunity to relitigate issues already decided." *Id.*

3

## III. Analysis

### A. Sharp's Reading Of 11 U.S.C. § 522(g) Is Flawed

Sharp argues that under § 522(g), she can be prohibited from claiming an exemption only if the evidence demonstrates that she both voluntarily transferred and concealed property. Sharp concedes that she voluntarily transferred property, but claims that because she listed the property on her schedules, there was no concealment, and the property should have been deemed exempt.

Sharp's reading of the statute – that a finding of voluntariness and concealment are required in order to prohibit an exemption – is a strained interpretation that does not comport with case law, that makes clear that "if the trustee recovers property that was voluntarily transferred or concealed by the debtor, the debtor will not be permitted to claim an exemption in the property." *In re Mickens*, 575 B.R. 797, 808 (Bank. W.D. Mich. 2017).

Sharp did both: 1) it is undisputed that she voluntarily transferred the Ecorse property to her mother; and 2) the record clearly reflects that when Sharp first filed her petition, she did not list the Ecorse property in her schedules, nor claim an exemption in the property. As Gold notes in his objections to Sharp's motion, Sharp attempted to amend her schedules nearly a month after filing her petition in order to add the property. These amendments were denied by the Bankruptcy Court. Sharp's claim that the property was not concealed because she listed it in her schedules is factually inaccurate and without merit.

The Bankruptcy Court correctly ruled in favor of the trustee.

## B. The Trustee Recovered The Property As Required By 11 U.S.C. § 522(g)

Sharp argues that the Trustee did not "recover" the Ecorse property in a manner that would trigger the application of § 522(g). She claims that although Gold successfully avoided the transfer of the property as a fraudulent conveyance, the Court cannot conclude that Gold "recovered" the property for the purposes of § 522(g).

"Although it is evident from the plain language of § 522(g) that the statute only applies when the trustee recovers the property at issue, it is not entirely clear what the trustee must accomplish in order for a recovery to occur." *In re Mickens*, 575 B.R. at 808. The ordinary meaning of word "recovery" is to "win or get back." *Id.* "The most straightforward example of a trustee 'getting property back' for the estate occurs when the trustee recovers property or its value from a third party transferee under § 550 after exercising her avoiding powers under §§ 544, 547, 548, or 549." *Id.*

Gold filed a motion for summary judgment seeking to avoid Sharp's transfer of the property as a fraudulent conveyance under 11 U.S.C. §§ 544(b), 548(a)(1)(B), and 550. The Bankruptcy Court granted Gold's motion. The adversary proceeding and victory there place Gold's actions squarely within what bankruptcy courts recognize as a "recovery" that triggers the application of § 522(g).

## IV. Conclusion

Sharp's incoherent, contradictory, and meritless arguments fail to show a palpable defect. Her Motion for Reconsideration is **DENIED**.

**IT IS ORDERED**.

S/Victoria A. Roberts
Victoria A. Roberts
United States District Judge

Dated: May 3, 2018

---

The undersigned certifies that a copy of this document was served on the attorneys of record and Marique Sharpt by electronic means or U.S. Mail on May 3, 2018.

s/Linda Vertriest
Deputy Clerk